1

2

3

4

Michael D. Kinkley
Michael D. Kinkley, P.S.
4407 N. Division, Suite 914
Spokane, WA 99207
(509) 484-5611
(509) 484-5972 FAX

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

EARNEST HEIB and CHRISTINE
HEIB husband and wife,

           Plaintiffs,

    vs.

PAUL LAW OFFICES, PLLC; PAUL
& ASSOCIATES LAW OFFICES,
PLLC; TRACY PAUL; and ARCHES
FINANCIAL, a Utah limited liability
Company,

           Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.:

COMPLAINT

      Plaintiffs Earnest Heib and Christine Heib, husband and wife, by and

through their attorney, Michael D. Kinkley of Michael D. Kinkley, P.S., alleges the

following:

### I. COMPLAINT

1.1.    This is an action for damages and remedies against defendants, Paul

      Law Offices, a Utah Professional Limited Liability Company ("Paul

      Law"); Paul and Associates Law Offices, a Utah Professional Limited

      Liability Company, ("Paul & Associates"), Tracy Paul, an individual;

COMPLAINT  -1-

and, Arches Financial, a Utah limited liability company ("Arches");

(collectively "defendants"), pursuant to the Fair Debt Collection

Practices Act, 15 U.S.C. §1692, *et seq.*, ("FDCPA") and the Telephone

Consumer Protection Act ("TCPA") 47 USC § 227; and for damages

and remedies against Arches and Paul Law pursuant to the State of

Washington Collection Agency Act, RCW 19.16, *et. seq.* ("WCAA")

and pursuant to the Washington State Consumer Protection Act (RCW

19.86 *et seq.*) ("WCPA").

## II. JURISDICTION & VENUE

2.1.    Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C.

§1337, and 28 U.S.C. §1331. Supplemental jurisdiction exists for state

law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available

pursuant to 28 U.S.C. §2201 and §2202.

2.2.    Venue is proper in this District under 28 U.S.C. §1391(b) because the

Defendants conduct affairs and transact business in this District, a

significant portion of the unlawful acts giving rise to this Complaint

occurred in this District, and the plaintiffs reside within the territorial

jurisdiction of the court.

COMPLAINT  -2-

## III. FEDERAL QUESTION
## SUBJECT MATTER JURISDICTION

3.1.    Plaintiff Earnest Heib is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

3.2.    Plaintiff Earnest Heib is a natural person.

3.3.    Plaintiff Earnest Heib is allegedly obligated to pay a debt.

3.4.    Plaintiff Christine Heib is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

3.5.    Plaintiff Christine Heib is a natural person.

3.6.    Plaintiff Christine Heib is allegedly obligated to pay a debt.

3.7.    Defendant Paul Law was attempting to collect a "debt" as defined by FDCPA, 15 U.S.C. §1692a(5).

3.8.    The alleged debt Defendant Paul Law was attempting to collect was an alleged obligation of plaintiff to pay money arising out of a transaction primarily for personal, family, or household purposes.

3.9.    Defendant Paul & Associates was attempting to collect a "debt" as defined by FDCPA, 15 U.S.C. §1692a(5).

COMPLAINT  -3-

3.10.   The alleged debt Defendant Paul & Associates was attempting to collect was an alleged obligation of plaintiff to pay money arising out of a transaction primarily for personal, family, or household purposes.

3.11.   Defendant Tracy Paul was attempting to collect a "debt" as defined by FDCPA, 15 U.S.C. §1692a(5).

3.12.   The alleged debt Defendant Tracy Paul was attempting to collect was an alleged obligation of plaintiff to pay money arising out of a transaction primarily for personal, family, or household purposes.

3.13.   Defendant Arches was attempting to collect a "debt" as defined by FDCPA, 15 U.S.C. §1692a(5).

3.14.   The alleged debt Defendant Arches was attempting to collect was an alleged obligation of plaintiff to pay money arising out of a transaction primarily for personal, family, or household purposes.

3.15.   All charges defendants alleged that Plaintiffs Earnest and Christine Heib owed were for personal purposes.

3.16.   Defendant Paul Law is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

3.17.   Defendant Paul Law uses interstate commerce or the mails for the collection of debts.

COMPLAINT  -4-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

3.18.   Defendant Paul Law regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another using the telephone and mail.

3.19.   Defendant Paul Law communicated with the Plaintiffs with the intent to collect a debt.

3.20.   Defendant Paul & Associates is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

3.21.   Defendant Paul & Associates uses interstate commerce or the mails for the collection of debts.

3.22.   Defendant Paul & Associates regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another using the telephone and mail.

3.23.   Defendant Paul & Associates communicated with the Plaintiffs with the intent to collect a debt.

3.24.   Defendant Tracy Paul is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

3.25.   Defendant Tracy Paul uses interstate commerce or the mails for the collection of debts.

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

3.26.   Defendant Tracy Paul regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another using the telephone and mail.

3.27.   Defendant Arches is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

3.28.   Defendant Arches uses interstate commerce or the mails for the collection of debts.

3.29.   Defendant Arches regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another using the telephone and mail.

3.30.   The principle purpose of Arches business is the collection of debts.

3.31.   Defendant Arches is a "collection agency" as defined by RCW 19.16.100(2).

3.32.   Defendant Arches is not licensed as a "collection agency" as required by Washington law.

3.33.   Defendant Arches communicated with the Plaintiffs with the intent to collect a debt.

## IV. PARTIES

4.1.    Now, and at all relevant times, Plaintiffs Earnest and Christine Heib were residents of the State of Washington residing within the territorial

COMPLAINT  -6-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

jurisdiction area of the United States District Court for the Eastern District of Washington.

4.2.    Defendant Paul & Associates is a collection agency, licensed by the State of Utah.

4.3.    Defendant Paul & Associates is a Utah professional limited liability corporation, engaged in the business of collecting debts within the State of Washington; which debts were originally owed to another within the jurisdiction of the Eastern District of Washington.

4.4.    Defendant Paul & Associates regularly attempts to collect debts alleged to be due another or originally owed to another.

4.5.    Defendant Paul & Associates  is doing business as a "debt collector" in the Eastern District of Washington of the United States District Court as defined by the FDCPA, 15 U.S.C. §1692a(6).

4.6.    Defendant Paul Law is a collection agency, licensed by the State of Utah.

4.7.    Defendant Paul Law regularly attempts to collect debts alleged to be due another or originally owed to another within the jurisdiction of the Eastern District of Washington.

4.8.    Defendant Paul Law  is doing business as a "debt collector" in the Eastern District of Washington of the United States District Court as defined by the FDCPA, 15 U.S.C. §1692a(6).

COMPLAINT  -7-

4.9.    Defendant Tracy Paul, is an attorney licensed in the State of Utah, Utah Bar Number 07594.

4.10.   Tracy Paul is not the Tracy Paul is licensed to practice law in the State of Washington, WSBA number 31405.

4.11.   The Tracy Paul has an office in the State of Washington, located at 2524 11th Ave. W., Seattle, WA 98119, as listed by the Washington State Bar Association for Tracy Paul WSBA, 31405.

4.12.   Defendant Tracy Paul's regularly attempts to collect debts alleged to be due another or originally owed to another within the jurisdiction of the Eastern District of Washington.

4.13.   Defendant Tracy Paul  is doing business as a "debt collector" in the Eastern District of Washington of the United States District Court as defined by the FDCPA, 15 U.S.C. §1692a(6).

4.14.   Defendant Arches is a Utah limited liability corporation, engaged in the business of collecting debts within the State of Washington; which debts were originally owed to another.

4.15.   The principle purpose of Defendant Arches business activities within the jurisdiction of this court is the collection of debts originally owed another using the mail and telephone, and defendant regularly attempts to collect debts alleged to be due another or originally owed to another.

COMPLAINT  -8-

4.16.  Defendant Arches is doing business as a "debt collector" in the Eastern District of Washington of the United States District Court as defined by the FDCPA, 15 U.S.C. §1692a(6).

4.17.  Defendants Paul Law, Paul & Associates, and Arches each occupy the same address, listed by the Utah Department of Commerce as 230 W. 200, S., STE 3301, Salt Lake City, UT 84101.

4.18.  Defendants Paul Law, Paul & Associates, and Arches each contacted the Plaintiffs for the same debt and defendants alternatively used each name.

4.19.  Defendants Paul Law, Paul & Associates, and Arches share common owners and/or or ownership.

4.20.  Defendants Paul Law, Paul & Associates, and Arches share common managers and/or or management.

4.21.  Defendants Paul Law, Paul & Associates, and Arches share common employees.

4.22.  Defendant Tracy Paul is the owner or partial owner of Defendant Paul Law.

4.23.  Defendant Tracy Paul is the owner or partial owner of Defendant Paul & Associates.

4.24.  Defendant Tracy Paul is the owner or partial owner of Defendant Arches Financial.

COMPLAINT  -9-

4.25.   Defendant Tracy Paul is an attorney for Defendant Paul Law.

4.26.   Defendant Tracy Paul approved collection practices of Paul Law.

4.27.   Defendant Paul Law is a collection agency trade name of Defendant Paul & Associates.

4.28.   Defendant Paul Law is licensed as a collection agency by the State of Utah.

4.29.   Defendant Paul Law is not licensed as a collection agency by the State of Washington.

4.30.   All acts alleged of Paul Law Office were done on its own behalf, on behalf of Defendant Paul & Associates, on behalf of Defendant Arches, and on behalf of Defendant Tracy Paul.

4.31.   Defendant Tracy Paul is an attorney for Defendant Paul & Associates.

4.32.   Defendant Tracy Paul approved collection practices of Paul & Associates.

4.33.   Defendant Paul & Associates is not licensed as a collection agency in the State of Washington.

4.34.   All acts alleged of Paul & Associates were done on its own behalf, on behalf of Defendant Paul Law, on behalf of Defendant Arches, and on behalf of Defendant Tracy Paul.

4.35.   Defendant Tracy Paul is an attorney for Defendant Arches.

COMPLAINT  -10-

4.36.  Defendant Tracy Paul approved collection practices of Arches.

4.37.  Defendant Arches is licensed as a collection agency by the State of Utah.

4.38.  Defendant Arches is not licensed as a collection agency by the State of Washington.

4.39.  All acts alleged of Defendant Arches were done on its own behalf on behalf of Defendant Paul Law, on behalf of Defendant Paul & Associates, and on behalf of Defendant Tracy Paul.

## V. FACTS

5.1.  Plaintiffs Earnest and Christine Heib have received phone calls from Defendants attempting to collect an alleged debt.

5.2.  Defendants called the Plaintiffs repeatedly and continuously with intent to annoy, abuse and harass.

5.3.  Defendants have called the Plaintiffs more than three times in one week.

5.4.  Plaintiffs have not ever received a written communication from Defendants Paul Law Offices, Paul & Associates, Tracy Paul, or Arches.

5.5.  Defendants Paul Law Offices, Paul & Associates, Tracy Paul, or Arches have failed to identify themselves as debt collectors.

5.6.  The Plaintiffs were represented by an attorney when the Defendants called them in an attempt to collect an alleged debt.

COMPLAINT  -11-

5.7.    The Defendants were aware the Plaintiffs were represented by an attorney regarding the alleged debt they contacted the Plaintiffs to collect.

5.8.    On February 7, 2008, Plaintiff Christine Heib mailed Defendants a letter addressed to "Paul Law Office", demanding that the Defendants cease all communications with the Plaintiffs.

5.9.    Despite the February 7, 2008, letter the Defendants continued to call the Plaintiffs in an attempt to collect the alleged debt.

5.10.   On March 4, 2008, Ms. Heidi Noun, an attorney at law for the Northwest Justice Project sent a letter to the Defendants, addressed to "Paul Law Office", informing them that she represented the Plaintiffs and instructed the Defendants to cease contacting Plaintiffs.

5.11.   Despite the March 4, 2008, letter the Defendants continued to repeatedly call the Plaintiffs in an attempt to collect the alleged debt.

5.12.   On April 10, 2008, Ms. Heidi Noun, attorney at law for the Northwest Justice Project sent a letter to the Defendants, addressed to "Paul Law Office", again, instructing Paul Law Offices to cease contacting the Plaintiffs, and informing them that continuing to do so was a violation of the FDCPA.

COMPLAINT  -12-

5.13.  Despite the April 10, 2008, letter the Defendants continued to repeatedly call the Plaintiffs in an attempt to collect an alleged debt.

5.14.  On May 14, 2008, the Plaintiff sued Defendants Paul Law and Arches, in United Stated District Court, Eastern District of Washington Case No.: CV-08-155-FVS ("*Heib I*"), for violating the FDCPA.

5.15.  The *Heib I* lawsuit resulted in a default judgment against Defendants Paul Law and Arches Financial, entered on October 14, 2008.

5.16.  Defendants Paul Law and Arches were aware of the *Heib I* lawsuit and the *Heib I* default judgment, but chose to ignore them.

5.17.  Despite the judgment against them in *Heib I*, the defendant's chose to continue to pursue collection of the alleged debt against the Plaintiff's using the same collection practices which were the basis of the *Heib I* lawsuit.

5.18.  The Defendants have committed additional actionable violations of the FDCPA since the judgment in *Heib I* by placing additional calls in an attempt to collect a debt, beginning in the spring of 2009.

5.19.  On March 3, 2009, at approximately 11:04 a.m., Plaintiffs received a call from the Defendants attempting to collect an alleged debt.

5.20.  On March 6, 2009, at approximately 10:40 a.m., Plaintiffs received a call from the Defendants attempting to collect an alleged debt.

COMPLAINT -13-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

5.21.    On March 9, 2009, at approximately 12:02 p.m., Plaintiffs received a call from the Defendants attempting to collect an alleged debt.

5.22.    On March 19, 2009, at approximately 10:40 a.m., Plaintiffs received a call from the Defendants attempting to collect an alleged debt.

5.23.    On March 23, 2009, at approximately 1:15 p.m., Plaintiffs received a call from the Defendants attempting to collect an alleged debt.

5.24.    On March 25, 2009, at approximately 1:50 p.m., Plaintiffs received a call from the Defendants attempting to collect an alleged debt.

5.25.    On April 9, 2009, at approximately 10:40 a.m., Plaintiffs received a call from the Defendants attempting to collect an alleged debt.

5.26.    On April 16, 2009, at approximately 10:40 a.m., Plaintiffs received a call from the Defendants attempting to collect an alleged debt.

5.27.    On April 21, 2009, at approximately 10:40 a.m., Plaintiffs received a call from the Defendants attempting to collect an alleged debt.

5.28.    On April 23, 2009, at approximately 1:15 p.m., Plaintiffs received a call from the Defendants attempting to collect an alleged debt.

5.29.    On April 30, 2009, at approximately 10:40 a.m., Plaintiffs received a call from the Defendants attempting to collect an alleged debt.

5.30.    On May 5, 2009, at approximately 10:40 a.m., Plaintiffs received a call from the Defendants attempting to collect an alleged debt.

COMPLAINT -14-

5.31.   On May 8, 2009, at approximately 8:35 a.m., Plaintiffs received a call from the Defendants attempting to collect an alleged debt.

5.32.   On May 11, 2009, at approximately 2:40 p.m., Plaintiffs received a call from the Defendants attempting to collect an alleged debt.

5.33.   On May 11, 2009, the Defendants left a message on the Plaintiff's answering machine stating, "This is Paul Law Office, we are trying to reach Christine Ridge or Christine Heib about an important legal matter. We are trying to handle this in a civil manner. Please call our office at 1-866-507-5050 immediately or we will take legal action. Again that number is 1-866-507-5050."

5.34.   The defendants have continued to place calls attempting to collect a debt from the Plaintiff through the date of filing of this Complaint.

5.35.   The phone calls are the source of a considerable amount of stress for Plaintiffs Earnest and Christine Heib.

5.36.   Plaintiff Earnest Heib has been hospitalized with stress related sickness.

5.37.   The stress from the harassing phone calls is a cause of Plaintiff Earnest Heib's hospitalizations.

5.38.   The defendants were aware that the harassing phone calls caused Plaintiffs Earnest and Christine Heib considerable stress, and stress related hospitalizations in the past.

COMPLAINT  -15-

## VI. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

6.1    Defendants Paul Law, Paul & Associates, Tracy Paul, and Arches each violated the FDCPA causing actual Damages to the Plaintiffs.

6.2    Defendants Paul Law, Paul & Associates, Tracy Paul, and Arches each violated 15 U.S.C. § 1692c(a)(2), by contacting the Plaintiffs when they knew or should have known they were represented by an attorney.

6.3    Defendants Paul Law, Paul & Associates, Tracy Paul, and Arches each violated 15 USC § 1692c(c), by continuing to communicate with the Plaintiffs after being notified in writing to cease further communication.

6.4    Defendants Paul Law, Paul & Associates, Tracy Paul, and Arches each violated 15 USC §1692d, by engaging in conduct the natural consequence of which is to harass, oppress and abuse the Plaintiffs in connection with the collection of an alleged debt.

6.5    Defendants Paul Law, Paul & Associates, Tracy Paul, and Arches each violated 15 U.S.C. § 1692d(5), by continuously causing Plaintiffs telephone to ring repeatedly and continuously with intent to annoy, abuse, or harass the Plaintiffs.

COMPLAINT  -16-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

6.6    Defendants Paul Law, Paul & Associates, Tracy Paul, and Arches each violated 15 U.S.C. § 1692e by making false, deceptive and misleading statements in connection with the collection of a debt.

6.7    Defendants Paul Law, Paul & Associates, Tracy Paul, and Arches each violated 15 U.S.C. § 1692e(3) by making false, deceptive and misleading statements which indicated that the communication was from and attorney and that an attorney was meaningfully involved in the collection of the alleged debt.

6.8    Defendants Paul Law, Paul & Associates, Tracy Paul, and Arches each violated 15 U.S.C. § 1692e(5) by making false, deceptive and misleading statements threatening to take action that cannot legally be taken or that is not intended to be taken.

6.9    Defendants Paul Law, Paul & Associates, Tracy Paul, and Arches each violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt.

6.10   Defendants Paul Law, Paul & Associates, Tracy Paul, and Arches each violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not expressly authorized by the agreement creating the alleged debt or permitted by law.

COMPLAINT  -17-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

6.11   Defendants Paul Law, Paul & Associates, Tracy Paul, and Arches each violated 15 U.S.C. § 1692g(a) by failing to provide a writing containing the notice required by, 15 U.S.C. 1692g(a) (FDCPA "g" Notice). No writing has ever been provided to Plaintiffs regarding the alleged debt i.e. no written communication of the FDCPA "g" Notice was made within five days of the initial communication in an attempt to collect the past due rent alleged debt from the Plaintiff.

6.12   Defendants Paul Law, Paul & Associates, Tracy Paul, and Arches each violated 15 U.S.C. § 1692g(b) by continuing to attempt to collect the debt after dispute and by continuing to collect the debt after a request in writing that the debt be verified, without providing such verification.

## XII. VIOLATION OF THE WASHINGTON COLLECTION AGENCY ACT

7.1   Defendant Arches violated the Washington Collection Agency Act (WCAA), RCW19.16 et seq.

7.2   Defendant Arches is a "collection agency" as defined by RCW 19.16.100(2).

7.3   Defendant Arches is not properly licensed as a collection agency as required by the WCAA, including RCW 19.16.110.

COMPLAINT  -18-

7.4     Defendant Arches is collecting debts without a license in violation of the WCAA, including RCW 19.16.110.

7.5     Defendant Arches is collecting debts in violation of the prohibited practices section of the WCAA, RCW 19.16.250, by attempting to collect a debt from the Plaintiff without being a licensed collection agency in the State of Washington.

7.6     Defendant Arches is collecting debts in violation of the prohibited practices section of the WCAA, RCW 19.16.250, by communicating with the Plaintiffs in an attempt to collect a debt after notification in writing from an attorney representing the Plaintiffs.

7.7     Defendant Arches is collecting debts in violation of the prohibited practices section of the WCAA, RCW 19.16.250, by communicating with the Plaintiffs in an attempt to collect a debt in such a manner to harass, intimidate, threaten, or embarrass the Plaintiffs.

7.8     Defendant Arches is collecting debts in violation of the prohibited practices section of the WCAA, RCW 19.16.250, by calling the Plaintiffs at their home more than three times in a single week in an attempt to collect a debt.

7.9     Defendant Arches is collecting debts in violation of the prohibited practices section of the WCAA, RCW 19.16.250, by threatening to take

COMPLAINT  -19-

action against the Plaintiffs which cannot legally be taken at the time the threat is made.

## XIII. VIOLATION OF THE CONSUMER PROTECTION ACT

8.1    Defendants Paul Law, Paul & Associates, Tracy Paul and Arches each violated the Washington Consumer Protection Act (WCPA).

8.2    Violation of the WCAA is a per se violation of the Washington State Consumer Protection Act.  RCW 19.16.440.

8.3    Any violation of the WCAA prohibited practices section, RCW 19.16.250 or licensing sections is an unfair act or practice and/or an unfair method of competition in the conduct of trade or commerce. RCW 19.16.440.

8.4    Any violation of the Washington State Collection Agency Act (WCAA) prohibited practices section, RCW 19.16.250 or licensing sections affects the public interest in violation of the Washington State Consumer Protection Act. RCW 19.16.440.

8.5    Defendant Arches violated the WCCA, including but not limited to, the prohibited practices section (RCW 19.16.250).

8.6    Defendant Arches violated the WCCA, including but not limited to failing to obtain and maintain a license as required by RCW 19.16.110.

COMPLAINT  -20-

8.7    Defendants Arches violated the Washington Administrative Code governing the actions of collection agencies.

8.8    The business of collection agencies, as well as all acts and practices of collection agencies, debt collectors, are subject to the Consumer Protection Act, RCW 19.86 and subsequent sections.

8.9    The Consumer Protection Act of the State of Washington requires that all collection agents, debt collectors, abstain from unfair or deceptive practices or acts and unfair methods of competition.

8.10   Defendant Arches by and through its agents and employees, policies and procedures, have engaged in deceptive acts and practices, unfair acts and practices,  and unfair methods of competition that have caused injury to the Plaintiffs.

8.11   Defendant Arches has engaged in unfair and deceptive acts and practices in attempting to collect an alleged debt from the Plaintiffs.

8.12   Defendant Arches is in the business of debt collection in trade or commerce.

8.13   Defendant Arches' actions were the direct cause of injury to Plaintiffs' property, including but not limited to the cost of postage stamps for letter to the Defendants, gasoline and travel expenses to and from an attorney's office, an answering machine to screen calls, telephone charges, charges

COMPLAINT  -21-

to fax documents, and paper to record a written log of phone calls from the defendant.

8.14   Defendant Arches' actions are capable of repetition.

8.15   Defendant Arches' actions impact the public interest.

8.16   Unlawful and Unfair Debt Collections is against public interest.

8.17   The violations have harmed and unless enjoined will continue to harm the public interest by causing Plaintiffs and other similarly situated to pay collection charges that are unfair deceptive, unlawful, and an unfair method of competition.

## IX. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

9.1   Defendants Paul Law, Paul & Associates, Tracy Paul and Arches each violated the Telephone Consumer Protection Act ("TCPA").

9.2   Plaintiffs Earnest and Christine Heib operate a residential telephone line from their home.

9.3   Defendants violated the TCPA by initiating calls to the Heib's residential telephone line using an artificial or pre-recorded voice to deliver a message.

9.4   During the relevant period of time, Defendants Paul Law, Paul & Associates, Tracy Paul and Arches initiated over eighteen (18) calls to

COMPLAINT  -22-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

Plaintiff Earnest and Christine Heib's residential telephone line using an artificial or pre-recorded voice to deliver a message.

9.5    Plaintiffs Earnest and Christine Heib never gave express prior express consent for the defendants to initiate calls to their residential telephone line.

9.6    Defendants Paul Law, Paul & Associates, Tracy Paul and Arches initiated the calls using an automated telephone dialing system that had the capacity to store or produce telephone numbers using a telephone dialing system that had the capacity to store or produce telephone numbers using random or sequential number generation.

9.7    Defendants Paul Law, Paul & Associates, Tracy Paul and Arches initiated the calls to Plaintiff Earnest and Christine Heib's residential telephone line to collect a debt.

9.8    The collection of debts is a commercial purpose.

9.9    Defendants Paul Law, Paul & Associates, Tracy Paul and Arches initiated the calls described above with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the vexatious purpose of coercing Plaintiff to pay a debt.

9.10   The telephone calls initiated by Defendants Paul Law, Paul & Associates, Tracy Paul and Arches were done, unfairly, unlawfully, intentionally,

COMPLAINT -23-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

deceptively and fraudulently and absent bona fide error, lawful right,

legal defense, legal justification or legal excuse.

9.11    The telephone calls initiated by Defendants Paul Law, Paul & Associates,

Tracy Paul and Arches have caused injury Plaintiffs Earnest and

Christine Heib.

## X. DEMAND

WHEREFORE, plaintiff demands judgment as follows:

10.1    Actual damages;

10.2    Statutory damages pursuant to the FDCPA, 15 U.S.C.  §

1692k(a)(2)(A);

10.3    Costs and reasonable attorney's fees pursuant to the FDCPA, 15

U.S.C. §1692k(a)(3);

10.4    Treble damages pursuant to the Washington Consumer Protection

Act, RCW 19.86;

10.5    Statutory damages pursuant to the TCPA, 47 USC § 227(b)(3);

10.6    Treble damages pursuant to the TCPA, 47 USC § 227(b)(3);

10.7    Costs and reasonable attorney's fees pursuant to the Washington

Consumer Protection Act, RCW 19.86;

10.8    Injunction prohibiting the defendants from initiating telephone calls in

violation of the TCPA, pursuant to TCPA, 47 USC § 227(b)(3);

COMPLAINT  -24-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

10.9    Declaratory Judgment that defendants' practices violate the Fair Debt Collection Practices Act and/or the Washington Consumer Protection Act; and/or the Washington Collection Agency Act;

10.10   Injunction prohibiting Defendants from attempting to collect from any debtor, unless licensed as a collection agency;

10.11   Injunction prohibiting Defendants from attempting to collect from any debtor who is known to be represented by an attorney with regard to the alleged debt being collected;

10.12   Injunction prohibiting Defendants from contacting Plaintiffs;

10.13   Injunction prohibiting Defendants from engaging in the practices prohibited by 15 USC §1692d, harassment or abuse;

10.14   Injunction prohibiting Defendants from attempting to collect from any debtor, unless it provides  the written Notice required by 15 USC 1692g(a) within five days of its initial communication with the debtor;

10.15   For such other and further relief as may be just and proper.

DATED this 28th day of April, 2010.


*Michael D. Kinkley P.S.*


/s Michael D. Kinkley
    Michael D. Kinkley
    WSBA # 11624
    Attorney for the Plaintiffs


COMPLAINT  -25-